And UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMETT W. CALDWELL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>CITY OF NEW YORK; NYC BOARD OF EDUCATION, PS 123; JOHN DOE 11; PS 123 PRINCIPAL; JOHN DOE 1, PS 123 AFTERSCHOOL SUPERVISOR; JOHN DOE 2-7, FICTICOUS REPRESENT PS 123 6 STUDENTS THAT SEXUALLY ASSAULTED PLAINTIFF,<br><br>                    Defendants. | 21-CV-6560 (LTS)<br><br>ORDER GRANTING LEAVE TO FILE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 9, 2015, then-Chief Judge Preska barred Plaintiff Emmett W. Caldwell from filing any new civil action in this District *in forma pauperis* (IFP) without first obtaining from the Court leave to file.[1] *See Caldwell v. Emmett*, 15-CV-2153 (LAP) (S.D.N.Y. July 9, 2015) (*Emmett I*) (dismissing on the merits Plaintiff's petition for a writ of *mandamus* seeking to compel the New York State Surrogate's Court, Richmond County, to accept his documents; and, after giving Plaintiff notice and an opportunity to respond, requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the bar order; and the relevant fees or IFP application).

---

[1] That order noted that a review of the Public Access to Court Electronic Records (PACER) database revealed that Plaintiff had filed at least 49 cases in multiple federal courts. *See, e.g.*, *Caldwell v. Triangle Transit Auth.*, No. 08-CV-0010 (M.D.N.C. Aug. 22, 2008) (recommending dismissal of action as frivolous and noting that Plaintiff had filed in state and federal courts "at least 128 cases since 1988 – more than 25 in this court"), *adopted and dismissed*, (Oct. 21, 2008); *Caldwell v. People's Choice Mortgage*, No. 08-CV-0009 (M.D.N.C. Oct. 6, 2008) (recommending dismissal of complaint for failure to state a claim and calling Plaintiff one of the "most litigious *pro se* plaintiffs that this Court has ever encountered"); *adopted and dismissed*, (Feb. 3, 2009).

On August 2, 2021, Plaintiff, who is now a resident of Puerto Rico, filed a complaint under the New York Child Victims Act and federal law, and a motion for leave to file. Plaintiff alleges that in 1965, six fellow students at a Bronx public school sexually abused him because of his "white color/race." (ECF 3.) Plaintiff alleges that school employees and officials knew about these incidents but failed to discipline the perpetrators or take any action to prevent them from harming Plaintiff again.

Plaintiff also challenges the 2015 bar order entered in *Emmett I*. Plaintiff claims that his application to compel the Surrogate's Court to accept his will for filing was not frivolous because the probate courts are "notorious for robbing estates by fraud lies," and "due to death threats by NY mafia criminals [he was] forced to file [his] original will in" Florida. (*Id.*) Plaintiff further claims that the bar order was, among other things, "void unconstitutional corrupt unethical fraudulent," because he was "never served" with the order and thus it was "just discovered." (ECF 3 at 2.)

## DISCUSSION

**A. Motion for leave to file**

The New York Child Victims Act (CVA), 2019 N.Y. Sess. Laws c. 11, § 3, amended several provisions of the New York Civil Practice Law and Rules to revive expired claims and extend the statute of limitations for civil claims of sexual abuse committed against minors. *See Doe v. NYS Office of Children and Family Servs.*, No. 20-CV-1195, 2021 WL 2826457, at *5 (N.D.N.Y. July 7, 2021)

Having reviewed Plaintiff's complaint and the motion for leave to file, the Court finds that Plaintiff's allegations of sexual abuse are not frivolous, and that Plaintiff should therefore be granted leave to file his complaint and to proceed IFP. The Court will address the merits of Plaintiff's claims under the CVA by separate order.

To the extent Plaintiff seeks to challenge the bar order entered in *Emmett I*, however, the motion for leave to file is denied. Plaintiff cannot in a new civil action challenge an order entered in a closed case. The bar order entered in *Emmett I* remains in effect.

**B. Motions seeking emergency relief**

On August 4, 2021, Plaintiff filed a substantially similar complaint and motion for leave to file, which was opened as a new civil action. *See Caldwell v. City of New York*, No. 21-CV-6629 (UA) (S.D.N.Y. filed Aug. 4, 2021) (*Caldwell III*). On August 10, 2021, and August 12, 2021, Plaintiff filed emergency motions in *Caldwell III* seeking to have the complaint immediately served, based on his belief that the CVA required service by August 14, 2021.

By order dated August 12, 2021, the Court dismissed *Caldwell III* without prejudice as duplicative of this case. (No. 21-CV-6629, 7.) In that order, the Court also: (1) directed the Clerk's Office to docket the emergency motions filed in *Caldwell III* in this case; and (2) advised Plaintiff that the extension of the limitations period under the CVA requires only that a claim be filed before the expiration of the one-year extended deadline, not served. See N.Y. C.P.L.R. § 214-g; see also N.Y. C.P.L.R. § 203(c) ("In an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant . . . when the action is commenced.")

Plaintiff filed this complaint on August 2, 2021, before the August 14, 2021 filing deadline. The emergency motions are therefore denied as moot.

## CONCLUSION

The motion for leave to file is granted to the extent set forth in this order. Plaintiff is also granted leave to proceed *in forma pauperis*. The emergency motions are denied as moot. The Clerk of is directed to terminate all pending motions. (ECF 2, 5, 6.) The Court will issue a separate order addressing the merits of Plaintiff's claims under the CVA.

3

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge