UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMETT W. CALDWELL,<br><br>                     Plaintiff,<br><br>       -against-<br><br>CITY OF NEW YORK; NYC BOARD OF<br>EDUCATION, PS 123; JOHN DOE 11; PS<br>123 PRINCIPAL; JOHN DOE 1, PS 123<br>AFTERSCHOOL SUPERVISOR; JOHN<br>DOE 2-7, FICTICOUS REPRESENT PS 123<br>6 STUDENTS THAT SEXUALLY<br>ASSAULTED PLAINTIFF,<br><br>               Defendants. | 21-CV-6560 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On August 2, 2021, Plaintiff, appearing *pro se*, filed this complaint alleging that he was sexually abused in 1965, when he was a minor. Plaintiff also challenges an order that was entered in a 2015 case that barred him from filing any new civil actions in this District *in forma pauperis* (IFP) without first obtaining leave to file. *See Caldwell v. Emmett*, No. 15-CV-2153 (LAP) (S.D.N.Y. July 9, 2015) (*Caldwell I*.) On August 12, 2021, the Court granted Plaintiff leave to proceed IFP and leave to file the sexual abuse claims, but denied him leave to challenge the *Caldwell I* bar order. (ECF 7.)

For the reasons set forth below, the Court directs Plaintiff to show cause why the complaint should not be dismissed as untimely.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Puerto Rico, filed this complaint setting forth the following facts. Fifty-six years ago, in 1965, Plaintiff was a public school student in the Bronx. Plaintiff

alleges that, on more than one occasion, six other students raped, tortured, and sexually abused him because of his "white color/race" during and after school. (ECF 3 at 5, ECF 4 at 5-6.) Plaintiff required hospitalization for a broken arm (ECF 4 at 5), and Plaintiff appears to allege that one of the students was arrested for assaulting him. (ECF 3 ¶ B7.) According to Plaintiff, school employees and officials were well aware of these assaults, but did nothing to protect Plaintiff or to prevent them from recurring. (*Id.* at 5-6.)

Plaintiff names as defendants the City of New York; John Does at the New York City Board of Education; the P.S. 123 principal; the P.S. 123 after-school supervisors, and the six students. Plaintiff asserts that he suffers from ongoing physical and emotional pain from the events in 1965, and he seeks money damages. (ECF 4 at 6.)

After Plaintiff filed his complaint, he filed other documents containing additional allegations about what occurred. The Court has considered the allegations in those documents as supplementing Plaintiff's complaint. (ECF 4, 5.) Plaintiff also filed a number of motions seeking the issuance of summonses, a stay to "correct" his pleading, assignment of *pro bono* counsel, to "bar" Judge Preska from this matter, and to renew his challenge to the *Caldwell I* bar order. (ECF 8, 9.)

## DISCUSSION

### A.    State law claims

Plaintiff asserts claims arising under state law. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks

omitted). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he " has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff alleges that he resides in Puerto Rico, that Defendants reside in New York, and that the claim for damages meets the statutory jurisdictional amount. The Court assumes at this stage that it has diversity jurisdiction of Plaintiff's state law claims. It appears, however, that Plaintiff's complaint is untimely.

The New York Child Victims Act (CVA), which became effective on February 14, 2019, extended the statute of limitations for certain state law claims of sexual abuse[1]; it "requires revived claims to be brought not earlier than six months after and not later than one year and six months after the effective date of the law." New York Civil Practice Law and Rules § 214-g; *Sokola v. Weinstein*, No. 20-CV-0925 (LJL), 2020 WL 3605578, at *4 (S.D.N.Y. July 2, 2020); *Doe v Haight*, No. 5262-19, 139 N.Y.S.3d 476, 477, 2020 WL 7018963 (Sup. Ct. West. Cnty. Sept. 9, 2020). The deadline for filing suit was later extended to August 14, 2021, due to the COVID-19 pandemic. *See In re Roman Catholic Diocese of Syracuse, New York*, 628 B.R. 571, 574 (Bankr. N.D.N.Y. Mar. 5, 2021).

Also in effect as of February 14, 2019, is N.Y. C.P.L.R. § 208(b), which allows a plaintiff whose sexual abuse claim accrued while he was a minor to sue until age 55, after which the

---

[1] The statute covers actions arising from "intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age, [or] incest as defined in section 255.27, 255.26 or 255.25 of the penal law committed against a child less than eighteen years of age . . ." N.Y. C.P.L.R. § 214-g; *Quinio v. Aala*, No. 19-CV-4686, 2020 WL 7381933, at *1 (E.D.N.Y. Dec. 14, 2020).

claim is barred. *See Doe v. NYS Office of Children and Family Svcs.*, No. 20-CV-01195, 2021

WL 2826457, at *7 (N.D.N.Y. July 7, 2021) ("This section, as amended, now permits all civil

claims or causes of action brought for . . . a sexual offense . . . up until the victim reaches 55

years of age."); *Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity

Co.*, No. 20-CV-11011, 2021 WL 1978560, at *1 (S.D.N.Y. May 17, 2021) ("Pursuant to the

CVA, victims of child sexual abuse may now bring suit until they turn 55 years old.").[2]

      Plaintiff filed this complaint on August 2, 2021, before the August 14, 2021 deadline

under C.P.L.R. § 214-g. But the events giving rise to this complaint occurred in 1965. Although

Plaintiff does not provide his current age, because Plaintiff was a child at the time of the events

in 1965, he must be over 55 years old, and his claims are therefore barred under N.Y. C.P.L.R.

§ 208(b).[3]

## B.    Federal claims

      Plaintiff also invokes the Court's federal question jurisdiction. The Court construes

Plaintiff's federal claims as arising under 42 U.S.C. § 1983.[4] To state a claim under section 1983,

a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United

---

[2] The CVA "was intended primarily to revive civil claims by persons subjected to sexual abuse when they were under the age of 18 but whose claims have become time-barred, and also to provide a more generous toll for such claims in the future. The first of these goals was achieved by [N.Y. C.P.L.R. 214-g], and the second by amendments to [N.Y. C.P.L.R. 208], the toll for infancy." *See* Practice Commentary, N.Y. C.P.L.R. § 214-g.

[3] Plaintiff was a member of a class-action lawsuit against the Archdiocese of New York. *See Caldwell v. Archdiocese of New York*, No. 20-CV-1090 (VSB), 2021 WL 1999421 (S.D.N.Y. June 22, 2021) (dismissing action on the merits). When counsel filed an amended complaint in that matter on April 20, 2020, Plaintiff was purported to be 62 years of age. (*Id.*, ECF 19 ¶ 3.)

[4] Courts in this Circuit have held that section 214-g does not extend the statute of limitations for claims under section 1983. *See, e.g. Doe v. NYS Office of Children and Family Svcs.*, No. 20-CV-01195, 2021 WL 2826457, at *6 (N.D.N.Y. July 7, 2021); *Boyle v. North Salem Central Sch. Dist.*, No. 19-CV-8577 (VB), 2020 WL 2319116, at *3 (S.D.N.Y. May 11, 2020) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).

States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's § 1983 claims also appear to be time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens*, 488 U.S.at 249-50. In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-

arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id*. at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

Plaintiff does not allege facts suggesting that the statute of limitations should be equitably tolled in this case.

## C.    Notice and opportunity to be heard

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds). But district courts should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds. *See Abbas*, 480 F.3d at 640.

The Court therefore directs Plaintiff to file a declaration within sixty days of the date of this order, stating why the complaint should not be dismissed as time-barred. Plaintiff may include any facts showing that the Court should apply the doctrine of equitable tolling.[5]

---

[5] Judge Preska's bar order entered in *Caldwell I* noted Plaintiff's extensive litigation history. *See, e.g.*, *Caldwell v. Triangle Transit Auth.*, No. 08-CV-0010 (M.D.N.C. Aug. 22, 2008) (noting that Plaintiff had filed in state and federal courts "at least 128 cases since 1988 – more than 25 in this court"), *adopted and dismissed*, (Oct. 21, 2008); *Caldwell v. People's Choice Mortgage*, No. 08-CV-0009 (M.D.N.C. Oct. 6, 2008) (calling Plaintiff one of the "most litigious *pro se* plaintiffs that this Court has ever encountered"); *adopted and dismissed*, (Feb. 3, 2009). In

D.     **Motion for counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court has directed Plaintiff to show cause why this matter should not be dismissed as untimely, the motion for counsel is denied without prejudice subject to renewal at a later date.

E.     **Motions for emergency relief and relief related to the *Caldwell I* bar order**

Plaintiff has filed emergency motions seeking to have his complaint immediately served. He bases this request on his belief that the CVA required service by August 14, 2021. Also, Plaintiff has and continues to challenge the legality of the bar order issued in *Caldwell I.* In the August 12, 2021 order, the Court informed Plaintiff that: (1) the CVA required *filing* before the August 14, 2021, not service; and (2) the Court will not in this case address the merits of the bar order issued in *Caldwell I*. (ECF 7.) Subsequent to that order, Plaintiff has renewed his requests for the same relief. Plaintiff's motion for emergency relief, and for any relief relating to the bar order in *Caldwell I*, is denied for the reasons set forth in the Court's August 12, 2021 order.

## CONCLUSION

Plaintiff is directed to file a declaration within sixty days of the date of this order showing why the complaint should not be dismissed as time-barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the

---

light of this litigation history, Plaintiff will be hard-pressed to show that the limitations period should be tolled.

document as a "Declaration," and label the document with docket number 21-CV-6560 (LTS). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed as time-barred by the statute of limitations.

All outstanding motions are denied, and the Clerk of Court is directed to terminate them. (ECF 8, 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 27, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

-against-                                    Case No. _____ CV _____

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

Name                                        Prison Identification # (if incarcerated)

Address                     City            State       Zip Code

Telephone Number (if available)             E-mail Address (if available)