UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMETT W. CALDWELL,

                         Plaintiff,

-against-

CITY OF NEW YORK; NYC BOARD OF EDUCATION, PS 123; JOHN DOE 11; PS 123 PRINCIPAL; JOHN DOE 1, PS 123 AFTERSCHOOL SUPERVISOR; JOHN DOE 2-7, FICTICOUS REPRESENT PS 123 6 STUDENTS THAT SEXUALLY ASSAULTED PLAINTIFF,

                         Defendants.

21-CV-6560 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the New York Child Victims Act and 42 U.S.C. § 1983, alleging that in 1965, he was sexually abused in a Bronx public school. By order dated August 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). (ECF 7 at 3.)

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York and the New York City Department of Education[1] through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, along with an information package.

---

[1] The Court will address service on the other defendants at a later stage.

      The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York and the New York City Department of Education and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   October 28, 2021
           New York, New York

                                                    LEWIS J. LIMAN
                                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, N.Y. 10007

2. New York City Department of Education
   Tweed Courthouse
   52 Chambers Street
   New York, N.Y. 10007