USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Emmett Caldwell,

                    Plaintiff,

-against-

City of New York et al.,

                    Defendants.

1:21-cv-06560 (LJL) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiff's motion, filed April 29, 2022, seeking pro bono counsel and a stay of proceedings until pro bono counsel is appointed. (ECF No. 38.) For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**LEGAL STANDARDS**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to

preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* 8/12/21 Order, ECF No. 7.) When Plaintiff filed his motion for pro bono counsel, Plaintiff affirmed that he is still indigent. (*See* Mot. for Pro Bono Counsel, ECF No. 38.)

In his Complaint, Plaintiff asserts claims under the New York Child Victims Act and the Civil Rights Act of 1964, alleging that Plaintiff was sexually abused by fellow students while attending

PS 123 in 1965 and that employees of the school, including teachers and the principal, knew about the incident and failed to act. (*See* Compl., ECF No. 3.) Given the seriousness of the allegations and that Plaintiff's claims are exactly those intended to be brought under the New York Child Victims Act, the Court finds that Plaintiff's claims, as plead, is "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff has repeatedly asserted that in addition to being indigent, Plaintiff suffers from numerous psychiatric problems for which he takes medication and is unable to adequately represent himself. (*See* Mot. for Pro Bono Counsel.) Further, given that the alleged incident from which Plaintiff's claims arise occurred nearly forty years ago, Plaintiff is unlikely to be able to investigate crucial facts, including ascertaining the identities of the individuals responsible, and conduct thorough discovery without representation. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for Pro Bono Counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. Thus, Plaintiff's motion to stay all proceedings pending appointment of pro bono counsel is DENIED.

If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared

to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order

**SO ORDERED.**

Dated:   June 10, 2022
         New York, New York

_____
STEWART D. AARON
United States Magistrate Judge