**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Emmett Caldwell,

                        **Plaintiff,**

         **-against-**

City of New York et al.,

                       **Defendants.**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    06/24/2022
```

**1:21-cv-06560 (LJL) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are: (1) *pro se* Plaintiff's "AM[]ENDED MOTION [TO] SERVE BY PUBLICATION & EXPEDITED & PREFERENCE ADJUDICATION & TRIAL" (ECF No. 39); (2) Plaintiff's "MOTION TO COMPEL & SANCTIONS ALSO JUDICIAL NOTICE OF PS 123 VIOLENCE & NYC PUBLIC SCHOOL SEX ASSAULTS BY PRINCIPALS & AFTER SCHOOL SUPERVISORS" (ECF No. 40); and (3) Plaintiff's "AM[]ENDED NOTICE OF MOTION TO VACATE ORDER DENYING PLAINTIFF CIVIL RIGHT TO SERVE ALL UNSERVED DEFENDANTS BY PUBLICATION AND APPROPRIATE RELIEFS ALSO SERVE BY PUBLICATION ALSO RECUSE JUDGE LIMAN ALSO RECONSIDER MAGISTRATE REFUSAL TO ALLOW SERVICE BY PUBLICATION ON SPECULATION[]." (ECF No. 53.) For the reasons stated below, Plaintiff's motion at ECF No. 39 is DENIED, Plaintiff's motion at ECF No. 40 is DENIED and Plaintiff's motion at ECF No. 53 is DENIED IN PART.

## BACKGROUND

In this action, which was commenced in August 2021, Plaintiff alleges that, in 1965, six fellow students at a public school, P.S. 123, sexually abused him and that school employees and officials knew about these incidents, but failed to discipline the perpetrators or to take any action to prevent them from harming him. (*See* ECF Nos. 3 & 4.) Plaintiff, who now resides in Puerto

Rico, names as defendants the City of New York; John Does at the New York City Department of Education; the P.S. 123 principal; the P.S. 123 after-school supervisors; and the six students who abused him. (ECF No. 3 at PDF p. 5.) Plaintiff asserts that he suffers from ongoing physical and emotional pain from the events in 1965 and he seeks money damages. (ECF No. 4 at PDF p. 6.)

On November 22, 2021, Plaintiff filed a motion to serve the defendants whose identities were unknown to him by publication. (*See* ECF No. 20.) On December 9, 2021, District Judge Liman entered a *Valentin* Order[1] directing the City of New York Law Department to "ascertain the identity of each Doe whom Plaintiff seeks to sue here and the address where the defendant may be served," and denying Plaintiff's motion to serve by publication. (ECF No. 23.) On February 28, 2022, the Law Department filed a letter explaining that the City of New York and New York City Board of Education were "not able to identify the John Doe Defendants." (ECF No. 32.)

On April 29, 2022 and June 9, 2022, Plaintiff filed his amended motions, which essentially renewed his motion to serve defendants whose identities were unknown to him by publication. (*See* ECF Nos. 39 & 53.) On April 29, 2022, Plaintiff also filed his motion for sanctions. (ECF No. 40.) On June 9, 2022, a telephone conference was held by the undersigned during which the service by publication issue was addressed, but nothing was decided. Following the telephone conference, a scheduling order was entered (ECF No. 52), and Plaintiff's motion for pro bono counsel was granted. (ECF No. 55.)

---

[1] Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).

## LEGAL STANDARDS

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual located in the United States may be effected pursuant to the law of the forum state or the state in which service is effected. Fed. R. Civ. P. 4(e)(1). Section 308 of the New York Civil Practice Law and Rules permits personal service, N.Y. C.P.L.R. § 308(1); service to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served, *id*. § 308(2); and where service cannot be made with due diligence by either of these methods, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by mailing. *Id*. § 308(4). In addition, if service is impracticable using any of these methods, service may be made in such manner as the court, upon motion without notice, directs. *Id*. § 308(5).

"Although [Section 308(5)] itself imposes no limits on the court's discretion in fashioning a method of service, due process requires that the method be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action." N.Y. C.P.L.R. § 308 (McKinney Practice Commentary), C308:6 Court-Ordered Service (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).[2] "Service by publication in a newspaper . . . is the least likely to be efficacious in conveying actual notice. Publication alone, therefore, will seldom pass muster as an appropriate method of service under CPLR 308(5) despite the impracticability of service under the other subdivisions of the statute." *Id*.

---

[2] "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

**DISCUSSION**

Plaintiff's motion to serve the defendants whose identities are unknown to him (*i.e.*, John Does at the New York City Department of Education, the P.S. 123 principal, the P.S. 123 after-school supervisors and the six students who abused him) by publication (ECF No. 39) is DENIED. Under the circumstances of this action, the Court finds that service by publication is not reasonably calculated to apprise the unidentified defendants of the pendency of the action. *See Mullane*, 339 U.S. at 314.

At the outset, it is dubious that any of the unidentified defendants would even read a notice in some publication about this action. Moreover, the events at issue in this action occurred over 40 years ago and there is no basis to conclude that the unidentified defendants recall Plaintiff's name. Thus, even assuming the unidentified defendants read a notice about this action, it is not reasonable to conclude that they would understand that they are the individuals who Plaintiff intends to sue, such that they would become aware that there is an action pending against them.[3]

Plaintiff's motion to "expedite adjudication" of his claims under the Child Victims Act (ECF No. 39) is DENIED. Plaintiff argues in his motion that New York state law somehow gives this case a preference over other cases. However, state rules regarding administration of cases do not apply in federal court. In any event, the Court already has entered a scheduling order in this case, with discovery concluding by January 30, 2023.

---

[3] The portion of Plaintiff's motion at ECF No. 53 seeking reconsideration of the undersigned's refusal to grant Plaintiff leave to serve the unidentified defendants by publication is DENIED because at the time Plaintiff filed his motion, the Court had not yet issued a decision regarding Plaintiff's motion to serve by publication at ECF No. 39. In any event, as stated above, the Court now DENIES Plaintiff's motion to serve by publication at ECF No. 39.

Plaintiff's motion to compel the City Defendants to accept service on behalf of the unidentified defendants and for sanctions as a result of the City's failure to accept such service (ECF No. 40) is DENIED. The City Defendants have been unable to identify the John Doe Defendants (*see* City Defs.' 2/28/22 Ltr.), and Plaintiff also is unable to identify them. Since the City does not even know the identity of the defendants, it obviously cannot accept service on their behalf.

## CONCLUSION

For the foregoing reasons, Plaintiff's at ECF No. 39 is DENIED, Plaintiff's motion at ECF No. 40 is DENIED and Plaintiff's motion at ECF No. 53 is DENIED IN PART. Plaintiff's motion at ECF No. 53 also seeks recusal of Judge Liman and seeks to vacate prior Orders by Judge Liman. The undersigned respectfully defers to Judge Liman to rule on such issues.

**SO ORDERED.**

Dated:      New York, New York
            June 24, 2022

_____
STEWART D. AARON
United States Magistrate Judge