

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   11/7/2022
```

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Sharon Sprayregen<br>Tel.: (212) 356-0873<br>ssprayre@law.nyc.gov |

November 4, 2022

**VIA ECF**
Hon. Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Emmett Caldwell v. City of New York et al.*, 21-CV-6560 (LJL)(SDA)

Dear Judge Aaron:

      I am the Assistant Corporation Counsel in the Office of Corporation Counsel Hon. Sylvia O. Hinds-Radix, attorney for the City of New York and New York City Board of Education (together, "Defendants") in connection with the above-referenced matter wherein Plaintiff brings claims pursuant to the Child Victim Act (CVA). I write to apologize for failing to provide a status report on September 20, 2022, which was due to my oversight and, more specifically, because I failed to calendar the dates in the June 9, 2022 Order; to provide the status report; and to join in Plaintiff's request for a stay, as explained below.

      On November 3, 2022, Defendants served responses and objections to Plaintiff's requests for documents and interrogatories, though no other discovery has taken place. Plaintiff has recently written me, requesting Defendants "agree to stay proceedings concussion 9/4/ headaches can't get anything done." I informed him that such a request requires a court order, and that Defendants would make and join in the request for a stay. Defendants propose a status report by December 14, 2022.

      In the alternative, Defendants request a four month *nunc pro tunc* extension of the close of fact discovery, from October 7, 2022 to Monday, February 7, 2022. The extension is requested because (i) Defendants have not yet taken Plaintiff's deposition, and (ii) Plaintiff has recently provided Defendants with a HIPAA release for hospital records; however, Defendants believe the form requires additional information for the provider to release the records, and I anticipate the provider will require time to search for the records, once the form is submitted. Yesterday I emailed Plaintiff twice to ask if he would join in this request for a *nunc pro tunc*

- 2 -

extension of the close of fact discovery as alternative relief if the stay is not granted, but I have not heard back from him.

      This is the first request for an enlargement of time to complete fact discovery. I apologize for the timing of this request, which, as noted above, is due to an oversight.

      Thank you for your consideration of this request.

      Respectfully,

      /s/

      Sharon Sprayregen
      Assistant Corporation Counsel

cc: Plaintiff (via email)

The parties' joint request for a stay is DENIED, as no satisfactory grounds have been established for granting a stay. Defendants' alternative request for an extension of the fact discovery deadline to 2/7/2023 is GRANTED. Pursuant to the 6/9/2022 Scheduling Order (ECF No. 52), the deadline for fact discovery already has passed and the deadline for the conclusion of expert discovery currently is 1/30/2023. It is hereby ORDERED that fact discovery shall conclude by 2/7/2023 and expert discovery shall conclude by 3/31/2023. No further extensions of these deadlines shall be granted, absent exigent circumstances and, even then, shall be granted for specific, limited purposes. SO ORDERED. Dated: 11/7/2022

*/s/ Stewart D. Aaron*