```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/21/2023___
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Emmett Caldwell,**

                                        **Plaintiff,**

                        **-against-**

**City of New York et al.,**

                                        **Defendants.**

**1:21-cv-06560 (LJL) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are *pro se* Plaintiff's: (1) "Motion for ARBITRATION[,] Motion for DEFAULT fail Discovery requests appropriate reliefs[,] . . . MOTION FOR STAY . . . [and] . . . CHILD VICTIMS ACT MOTION PUN[I]TIVE DAMAGES ALSO SANCTIONS APPROP[R]IATE RELIEFS" (ECF No. 70) and (2) "AM[]ENDED MOTION FOR REC[]USAL AND [Motion to] COMPEL JUDGE AND MAGISTRATE TO COMPLETE JUDIC[I]AL TRAINING LEGISLATURE MANDATED PER CHILD VICTIM ACT ALSO MOTION FOR SANCTION[s due to an] UNREASONABLE SETTLEMENT OFFER [of] $1[,]000 ALSO MOTION FOR DEFAULT FAILURE TO COMPLY [with] DISCOVERY INCLUD[]ING NOT PROVID[]ING PS 123 RECORDS DOCUMENTING PROOF OF SEXUAL AND PHYSICAL ASSAULT ON PLAINTIFF ALSO DEMAND COURT APPOINT AND PAY FOR PLAINTIFF[']S VOCATIONAL AND PSYC[H]OLOGICAL EXPERT[']S WITNESS TESTIMONY AND EXPERT REPORT AND PUN[I]TIVE DAMAGE AM[]END COMPLAINT PRIOR MOTIONED FOR ALSO APPROP[R]IATE RELIEFS [and] . . . MOTION FOR STAY AND ARBITRATION." (ECF No. 72.) For the reasons stated below, Plaintiff's motions are DENIED.

**BACKGROUND**

In this action, which was commenced in August 2021, Plaintiff alleges that, in 1965, six fellow students at a public school, P.S. 123, sexually abused him and that school employees and officials knew about these incidents but failed to discipline the perpetrators or to take any action to prevent them from harming him. (*See* Compl., ECF No. 3; Addendum, ECF No. 4.) Plaintiff, who now resides in Puerto Rico, named as defendants the City of New York (the "City"); John Does at the New York City Board of Education (the "Board"); the P.S. 123 principal; the P.S. 123 after-school supervisors; and the six students who abused him.[1] (Compl. at PDF p. 5.) Plaintiff asserted that he suffers from ongoing physical and emotional pain from the events in 1965, and he seeks money damages. (Addendum at PDF p. 6.)

On November 22, 2021, Plaintiff filed a motion to serve the defendants whose identities were unknown to him by publication. (*See* Pl.'s 11/22/21 Mot., ECF No. 20.) On December 9, 2021, District Judge Liman entered a *Valentin* Order[2] directing the City of New York Law Department to "ascertain the identity of each Doe whom Plaintiff seeks to sue here and the address where the defendant may be served" and denying Plaintiff's motion to serve by publication. (12/9/21 Order, ECF No. 23.) On February 28, 2022, the City Law Department filed a letter explaining that the City and the Board were "not able to identify the John Doe Defendants." (Def.'s 2/28/22 Ltr., ECF No. 32.)

---

[1] The City and the Board are referred to herein collectively as the "City Defendants."

[2] Under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. *See id.* at 76.

On April 29, 2022 and June 9, 2022, Plaintiff filed amended motions, which in part essentially renewed his motion to serve defendants whose identities were unknown to him by publication. (*See* Pl.'s 4/29/22 Am. Mot., ECF No. 39; Pl.'s 6/9/22 Am. Mot., ECF No. 53.)[3] On April 29, 2022, Plaintiff also filed a motion to compel and for sanctions. (*See* Pl.'s 4/29/22 Mot. to Compel, ECF No. 40.) On June 24, 2022, this Court denied Plaintiff's motion to serve unidentified defendants by publication, denied Plaintiff's motion to "expedite adjudication, and denied Plaintiff's motion to compel the City Defendants to accept service on behalf of the unidentified defendants and for sanctions as a result of the City's failure to accept such service. (6/24/22 Order, ECF No. 56.)[4]

On November 4, 2022, the parties filed a joint letter, requesting a stay. (11/4/22 Joint Ltr., ECF No. 57.) On November 7, 2022, this Court denied the parties' request for a stay because the parties did not establish satisfactory grounds for granting a stay. (11/7/22 Order, ECF No. 58.) On January 3, 2023, in relevant part, Judge Liman denied Plaintiff's request to vacate the prior Order denying service by publication and denied Plaintiff's request that Judge Liman recuse himself. (1/3/23 Order, ECF No. 63.)

On January 30, 2023, the City Defendants filed a motion to compel Plaintiff to appear for a deposition. (Defs.' 1/30/23 Ltr. Mot., ECF No. 67.) On February 2, 2023, this Court granted

---

[3] Plaintiff's June 9, 2022 motion also sought to vacate the Court's prior Order denying service by publication and sought recusal of Judge Liman. (*See* Pl.'s 6/9/22 Am. Mot. at PDF p. 6.)

[4] In the June 24, 2022 Order, the undersigned deferred to Judge Liman to address Plaintiff's June 9, 2022 motion insofar as it sought to vacate prior Orders by Judge Liman and recusal of Judge Liman. (6/9/22 Order at 5.)

Defendants' motion to compel, requiring Plaintiff to appear for a remote deposition no later than February 7, 2023. (2/2/23 Order, ECF No. 69.)

On February 22, 2023, Plaintiff filed a letter with varying requests set forth in the first paragraph of this Opinion and Order, which this Court construes as a motion for reconsideration, motion for default, motion to compel arbitration, motion to stay and motion for sanctions. (Pl.'s 2/22/23 Mot., ECF No. 70.) On March 6, 2023, Plaintiff filed a letter with varying requests also set forth in the first paragraph of this Opinion and Order, which this Court construes as a motion for default, motion to compel arbitration, motion for disqualification and motion for sanctions. (Pl.'s 3/6/23 Mot., ECF No. 72.)

## MOTION FOR RECONSIDERATION

In his March 6, 2023 motion, Plaintiff requests this Court to order the City Defendants to accept service on behalf of the unidentified defendants. (*See* 3/6/23 Mot. at PDF p. 5.) Such relief previously was denied in the Court's June 24, 2022 Order. (*See* 6/22/22 Order, at PDF p. 5.) Since the relief sought by Plaintiff previously was denied in the June 24, 2022 Order, the Court construes Plaintiff's request to be a motion for reconsideration of such Order.

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Woitovich v. Schoenfeld*, No. 22-CV-01742 (JMF), 2023 WL 171893, at *1 (S.D.N.Y. Jan. 12, 2023) (quoting *Analytical Survs., Inc. v.*

*Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Because Plaintiff has provided no controlling decisions or data that the Court overlooked, Plaintiff's motion for reconsideration is DENIED.

### MOTIONS FOR ENTRY OF DEFAULT

In his motions, Plaintiff seeks entry of default against the unidentified defendants based on the City Defendants' purported failure to comply with Judge Liman's "order" to accept service on behalf of the unidentified defendants, failure to respond on behalf of the unidentified defendants and failure to retain and provide certain documentation. (Pl.'s 2/22/23 Mot. at PDF p. 7; Pl.'s 3/6/23 Mot. at PDF pp. 1-3.)

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A party's obligation to file a responsive pleading triggers upon service of summons. Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, unless a party has been served with summons, that party cannot be in default for failure to plead.

Here, contrary to Plaintiff's suggestion, Judge Liman never issued an order requiring the City Defendants to accept service on behalf of unidentified defendants. Further, on June 24, 2022, the Court denied Plaintiff's motion to compel the City Defendants to accept service on behalf of the unidentified defendants. (*See* 6/24/22 Order at PDF p. 5.) Because the unidentified defendants have not been served, they have no obligation to file a responsive pleading. Accordingly, Plaintiff's motions for entry of default are DENIED.[5]

---

[5] There also is no basis for entry of default against the City Defendants, since they filed an Answer to the Complaint (*see* Answer, ECF No. 33) and have been defending this action and participating in the discovery process. The City Defendants' inability to locate any documents regarding Plaintiff's alleged assault more than 50 years ago is not a basis for entry of default.

## MOTIONS TO COMPEL ARBITRATION

Plaintiff's requests for binding arbitration (*see* Pl.'s 2/22/23 Mot. at PDF p. 3, 7; Pl.'s 3/6/23 Mot. at PDF p. 6) are baseless. "[A]rbitration is a matter of contract and therefore a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) (cleaned up). Because Plaintiff has pointed to no contract between the parties, let alone a contract requiring arbitration, his motions to compel arbitration are DENIED.

## MOTION TO STAY

On November 4, 2022, the parties filed a joint letter, requesting a stay. (ECF No. 57.) On November 7, 2022, this Court denied the parties' request for a stay because the parties did not establish satisfactory grounds for granting a stay. (ECF No. 58.) On February 22, 2023, Plaintiff again requested a stay. (*See* Pl.'s 2/22/23 Mot. at PDF p. 7.) Since Plaintiff again has not established satisfactory grounds for granting a stay, his request for a stay is DENIED.[6]

## MOTION FOR DISQUALIFICATION

In his March 6, 2023 motion, Plaintiff requests the recusal of Magistrate Judge Aaron. (Pl.'s 3/6/23 Mot. at PDF pp. 2, 4.) For the reasons set forth below, Plaintiff's request is DENIED.

"Recusal motions are committed to the discretion of the judge who is being asked to recuse himself." *Weston Capital Advisors, Inc. v. PT Bank Mutiara Tbk.*, No. 13-CV-06945 (PAC), 2019 WL 6002221, at *2 (S.D.N.Y. Sept. 20, 2019) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). Section 455(a) provides that a judge shall disqualify himself in any

---

[6] Courts have broad discretion in deciding whether to grant a motion to stay. *See Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 71 (S.D.N.Y. 2015).

proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455. In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, if a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Weston Capital Advisors Inc.*, 2019 WL 6002221, at *2 (cleaned up).

While § 455(a) addresses the appearance of impropriety, § 455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). Section 455(b) requires recusal where a judge has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1). 28 U.S.C. § 144 provides that a judge should recuse himself when the party has filed a "timely and sufficient affidavit" showing that the judge has a personal bias or prejudice against the party or in favor of an adverse party. 28 U.S.C. § 144. Here, Plaintiff did not file such an affidavit. In any event, the Court's analysis under § 144 is the same as under Section 455(b)(1). *See Apple*, 829 F.2d at 332.

"Events occurring in the course of judicial proceedings generally do not constitute a basis for recusal unless they indicate that the judge has a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996) (internal quotation marks and citations omitted). Moreover, "it is well-settled that a judge's adverse rulings and decisions against a party almost never are a valid basis for a party to seek disqualification based on bias or impartiality." *Pri-har v. United States*, 83 F. Supp. 2d 393, 397

(S.D.N.Y. 2000) (citing *Liteky*, 510 U.S. at 555); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

"The Court has an affirmative duty not to disqualify itself unnecessarily." *Weston Capital Advisors*, 2019 WL 6002221, at *3 (citing *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966)). "[R]ecusal is not warranted for remote, contingent, or speculative reasons." *United States v. Ahmed*, 788 F. Supp. 196, 202 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992) (citations omitted). "Any other rule would bestow upon litigants the power to force the disqualification of judges who are not to their liking." *Id*. "While litigants are entitled to an impartial judge, they have no right to the judge of their choice." *Id*.

Plaintiff requests that the undersigned recuse himself for failing to enforce Judge Liman's "order" requiring the City to accept service on behalf of unidentified defendants; refusing to allow Plaintiff to serve unidentified defendants by publication; denying the parties' request to stay the case; requiring the parties to file joint letters regarding the status of discovery; and purportedly engaging in "insulting laughing." (Pl.'s 3/6/22 Order at PDF pp. 1-4.) The Court finds that none of the foregoing provides a valid basis for recusal. First, Judge Liman never issued an order requiring the City Defendants to accept service on behalf of unidentified defendants. Second, Plaintiff's disagreements with the undersigned's rulings in this case are not legitimate grounds for recusal. *See Pri-har*, 83 F. Supp. 2d at 397. Third, regardless of the accuracy of Plaintiff's accusation that the undersigned engaged in "insulting laughing," there is nothing in the record to suggest "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Conte*, 99 F.3d at 65; *Liteky*, 510 U.S. at 555-56.

The Court finds that recusal is not warranted, because there is no chance that "a reasonable person, knowing all the facts, would conclude that the [Court's] impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotation marks omitted). Accordingly, Plaintiff's motion for recusal of Judge Aaron is DENIED.[7]

## MOTIONS FOR SANCTIONS

The Court, in its discretion, denies Plaintiff's request to impose sanctions based on the conduct of former defense counsel and current defense counsel. (Pl.'s 2/22/23 Mot. at PDF pp. 3, 6-7; Pl.'s 3/6/23 Mot. at PDF pp. 1-3, 6.) The Court finds that none of the conduct described warrants the imposition of sanctions.

\*                               \*                               \*

The Court denies the remaining issues raised in Plaintiff's motions. Based upon the Child Victims Act, Plaintiff seeks to compel judicial training. (*See* Pl.'s 3/6/23 Mot. at PDF pp. 1-4.) However, that statute relates to the statute of limitations for certain child sexual abuse cases and contains no provisions regarding judicial training. *See* N.Y. CPLR § 214-g.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions at ECF No. 70 and ECF No. 72 are DENIED in their entirety.

---

[7] Insofar as Plaintiff seeks recusal of Judge Liman (See Pl.'s 3/6/23 Mot. at PDF pp. 1, 3, 4), that request previously was considered and denied by Judge Liman. (1/3/23 Order at 2.)

**SO ORDERED.**

Dated:          New York, New York
                March 21, 2023

                                    _____
                                    STEWART D. AARON
                                    United States Magistrate Judge