UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMETT CALDWELL,<br><br>        Plaintiff,<br><br>     v.<br><br>CITY OF NEW YORK, et al.,<br><br>        Defendants. | 21 Civ. 6560 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff, proceeding *pro se*, sues Defendants City of New York, New York City Department of Education Public School 123 ("P.S. 123"), and nine John Doe Defendants. Plaintiff alleges that he was sexually assaulted in May 1964 at P.S. 123 by a group of five or six fellow students. Liberally construed, his Complaint alleges claims under federal and state civil rights law. Defendants move for summary judgment.[1] For the reasons given below, Defendants' motion is **GRANTED**.

## BACKGROUND

  The following factual summary is taken from the parties' submissions in connection with the motion, particularly Plaintiff's deposition, and construed in favor of Plaintiff as the non-moving party. *See Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021). As Plaintiff is a *pro se* litigant, his submissions are construed liberally and interpreted to raise the strongest arguments that they suggest. *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022).

---

[1] The John Doe Defendants, the students who assaulted Plaintiff and P.S. 123 staff, were never identified nor served. Unless otherwise indicated, this opinion uses "Defendants" to refer to Defendants City of New York and P.S. 123.

Plaintiff was born in 1956. *See* Pl. Dep. 7:22, ECF No. 81-3. He attended P.S. 123, which was across the street from his home, from kindergarten through the incident at issue. *Id.* at 11:14-15, 13:18-20. At P.S. 123, other students bullied Plaintiff, which P.S. 123 staff did nothing about and at times encouraged. Pl. Aff. ¶ 5, ECF No. 99. When he was eight years old, Plaintiff occasionally attended an afterschool program at P.S. 123. Pl. Dep. 15:16-18. In May 1964, during the afterschool program, five or six male students forced Plaintiff into a bathroom and sexually assaulted him. *Id.* at 10:25-11:1, 11:21-23, 14:18-21. Plaintiff alleges this assault was due to his race and/or color. Compl. 5, ECF No. 3. Following the assault, a school counselor took statements from the students and Plaintiff. Pl. Dep. 18:25-19:3. When speaking with Plaintiff, the counselor also sexually assaulted Plaintiff. *Id.* at 19:4-8. Plaintiff then returned home and his parents took him to the hospital, where his hand was placed in a cast. *Id.* at 20:3-10. Plaintiff did not see the individuals who abused him again and subsequently attended a different school. *Id.* at 14:1-2, 24:17-20.

On August 4, 2021, Plaintiff filed the Complaint in this case, suing the City of New York; P.S. 123; and, as John Does, P.S. 123 staff and the students who assaulted him. *See* Compl. 5. An order issued August 27, 2021, construed the Complaint as raising state law claims of sexual abuse and federal claims under 42 U.S.C. § 1983 and directed Plaintiff to show cause as to why the case should not be dismissed as untimely. *See Caldwell v. City of New York*, No. 21 Civ. 6560, 2021 WL 3887678, at *2-3, *5 (S.D.N.Y. Aug. 27, 2021). In its decision, the Court construed New York's Child Victims Act (the "CVA"), codified in relevant part at N.Y. C.P.L.R. §§ 208(b), 214-g, as extending the statute of limitations for certain state claims of child sexual abuse, while also requiring plaintiffs to sue prior to age fifty-five. *See Caldwell*, 2021 WL 3887678, at *3. Because Plaintiff was a child in 1965, the year of the events alleged in the Complaint, *see* Compl. 1, the Court concluded he was over fifty-five years old, barring any state

law claims. *See Caldwell*, 2021 WL 3887678, at *3. Regarding the federal claims, the Court found that a three-year statute of limitations period applied, and that Plaintiff did not allege any facts suggesting equitable tolling of this three-year period was appropriate. *See id.* at *3-4. The Court directed Plaintiff to file a declaration explaining why the suit should not be dismissed as time-barred. *See id.* at *5.

On October 26, 2021, Plaintiff filed the required submission, styled as an opposition. *See* Pl.'s Opp. Show Cause Mot., ECF No. 14. The opposition focuses on the extension of the CVA revival period due to the COVID-19 pandemic; but, even liberally construed to raise the strongest arguments it suggests, does not provide any basis to conclude that equitable tolling for Plaintiff's federal claims is appropriate. *See id.* An order issued November 9, 2021, reserved decision on the statute of limitations issue pending receipt of Defendants' answer. *See* Nov. 9 Order, ECF No. 19. Defendants answered on March 4, 2022, indicating they asserted a statute of limitations defense as to "[a]ll federal claims . . . [and] certain of Plaintiff's state law claims." *See* Answer ¶ 6, ECF No. 33. Following the close of fact discovery on February 7, 2023, *see* Defs.' Expert Disc. Report 1, ECF No. 71, Defendants moved for summary judgment, *see* Defs.' Mot. Summ. J., ECF No. 80.

On October 23, 2023, this case was reassigned to the undersigned.

## DISCUSSION

The Complaint is construed to raise state law claims of sexual abuse and federal claims under § 1983. Summary judgment is granted to Defendants on all claims for the reasons given below.

**A.     Doe Defendants**

As a threshold matter, summary judgment is granted to the John Doe Defendants, as they have not been identified despite the completion of discovery. "It is a general principle of tort law

3

that a tort victim who cannot identify the tortfeasor cannot bring suit." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997); *accord Kornegay v. Doe*, 371 F. App'x 178, 179 (2d Cir. 2010) (affirming grant of judgment as a matter of law where the *pro se* plaintiff did not connect any individual Defendant to alleged actions, because he "failed to present evidence sufficient to permit a reasonable juror to find, by a preponderance of the evidence, that he had satisfied his burden of establishing that something was done to him and by *whom it was done*").[2]

Here, a *Valentin* order issued on December 9, 2021, directing the City of New York Law Department to aid Plaintiff in ascertaining the identities of each Doe Defendant. *See Valentin* Order 1-2, ECF No. 23. Defendants introduce testimony from Susan Dombrow, counsel for the City of New York who works on CVA cases, *see* Dombrow Affirmation, ECF No. 82, and documents from New York Presbyterian Hospital, where Plaintiff was treated for his injuries, *see* Aroubas Decl. Ex. D, ECF No. 81-4, indicating that no paper records have been found regarding Plaintiff's claims or attendance at P.S. 123. This evidence is sufficient to establish Defendants complied with their obligations under the *Valentin* order.

Because the unnamed Defendants cannot be identified, Plaintiffs' claims as to those Defendants are dismissed. *See, e.g.*, *Billips v. N.Y.C. Dep't of Corr.*, No. 18 Civ. 1719, 2019 WL 2023698, at *3 (S.D.N.Y. May 8, 2019) (dismissing claims where Plaintiff provided "vague details" about the John Doe defendant, such that the "City was unable to identify the correction officer and apprise him that he is a defendant in this action[.]"); *Bishop v. City of New York*, No. 13 Civ. 9203, 2016 WL 4484245, at *3 (S.D.N.Y. Aug. 18, 2016) (similar); *Willis v. City of New York*, No. 12 Civ. 5259, 2015 WL 556884, at *9 (S.D.N.Y. Feb. 9, 2015) (similar). Because

---

[2] In all quotations from cases, internal quotation marks, footnotes, citations, brackets, ellipses, and other modifications are omitted snd any emphasis is in the original, unless otherwise noted.

Plaintiff is unable to name the individual Defendants in his suit, to the extent Defendants' motion seeks judgment on behalf of the John Doe Defendants, summary judgment is granted.

**B.    Federal Claims**

Summary judgment is granted to Defendants on the federal claims contained in the Complaint because they are time-barred. "Under well-settled law, claims under Section 1983 [for incidents which occurred in New York] . . . are governed by New York's general statute of limitations for personal injury actions . . . which is three years." *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023). For a minor victim of sexual assault, the statute of limitations begins to run when the minor turns eighteen. *See* N.Y. C.P.L.R. § 208(a). In *Kane*, the Second Circuit held that the CVA does not revive, toll, or otherwise affect the three-year statute of limitations period for such federal claims. *See Kane*, 80 F.4th at 104. Plaintiff testified at his deposition that the incident in question occurred in May 1964 when Plaintiff was eight years old, *see* Pl. Dep. 11:18-23, meaning Plaintiff turned eighteen by May 1974 and rendering Plaintiff's lawsuit, initiated more than forty-five years later in August 2021, untimely. Further, as discussed above, Plaintiff has provided no basis to conclude that equitable tolling is appropriate. Any federal claims are time-barred.

**C.    State Law Claims**

The Court also grants summary judgment to Defendants on Plaintiff's state law claims for reasons set forth below.

Before addressing those reasons, the Court offers a few observations as to the timeliness of Plaintiff's state law claims. The Court previously held that Plaintiff's state claims are untimely under N.Y. C.P.L.R. § 208(b). *See Caldwell*, 2021 WL 3887678, at *3. That ruling was based on Section 208(b) of the CVA, which states that, notwithstanding other limitations periods, claims arising out of child sexual abuse "may be commenced . . . on or before the

5

plaintiff . . . reaches the age of fifty-five years." N.Y. C.P.L.R. § 208(b).  Because the Plaintiff here is over the age of 55, the Court held that his state law claims are time-barred. *See Caldwell*, 2021 WL 3887678, at *3.

However, more recent New York state court decisions interpreting a different provision of the CVA suggest a different possible interpretation.  Section 214-g of the CVA states that "[n]othwithstanding any provision of law which imposes a period of limitation to the contrary, . . . every civil claim or cause of action [related to child sexual abuse as defined by other statutes] . . . is hereby revived," provided it is filed within an applicable period reviving such claims. N.Y. C.P.L.R. § 214-g.  In *Disalvo v. Wayland-Cohocton Central School District*, 193 N.Y.S.3d 786 (N.Y. App. Div. 2023), the Fourth Department explained the relationship between Sections 208(b) and 214-g as follows: "[T]he CVA amended [§] 208(b) to prospectively and permanently allow all victims of child sexual abuse to pursue those claims until age 55, whereas [§] 214-g was enacted to provide temporary retrospective relief for all claims—regardless of age—for a limited and discrete period of time." *Id.* at 789.  *See also LG 67 Doe v. Resurrection Lutheran Church*, 164 N.Y.S.3d 803, 804 (N.Y. Sup. Ct. 2022) ("It is noted that [§] 214-g does not contain an age limitation or refer to [§] 208(b)."); *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 19 Civ. 707S, 2022 WL 2124608, at *3 (W.D.N.Y. June 13, 2022) (describing § 208(b) as "[s]eparate[] from the claim-revival provision").

The New York Court of Appeals has not spoken to this question, but if *Disalvo* is correct, then Plaintiff's state law claims would not be time-barred, because he filed them within the revival period.  *See* N.Y. C.P.L.R. § 214-g (creating a revival period running from the effective date of the law, February 14, 2019, to run for eighteen months to August 14, 2020); 2020 N.Y. Laws ch. 130, § 1 (extending the period one year to August 14, 2021, due to the COVID-19 pandemic); *accord Samuel W. v. United Synagogue of Conservative Judaism*, 194 N.Y.S.3d 25,

26 (N.Y. App. Div. 2023) ("[Section 214-g revived claims] for a two-year period which ended on August 14, 2021."). If so, this Court would not be bound by the prior *Caldwell* decision by the law of the case doctrine. *See Cangemi v. United States*, 13 F.4th 115, 140 (2d Cir. 2021) ("[T]he law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decision prior to final judgment.").

In any event, the Court need not decide this issue. Even assuming arguendo that Plaintiff's state law claims are not time-barred, summary judgment is still appropriate for Defendants on these claims because Plaintiff does not provide sufficient evidence to allow a reasonable jury to find those entities liable for the assaults he describes. The essence of his claims against these entities is that employees of P.S. 123 were indifferent to the bullying and assault of Plaintiff by other students, *see* Second Opp'n to Summ. Mot. 2 ("Opp'n"), ECF No. 98; Pl. Aff. ¶¶ 11-12, 19, and, in the case of the school counselor, actively encouraged the other students' conduct and independently assaulted Plaintiff. *See* Pl. Aff. ¶¶ 5-7, 14-16, 18.

As to the former, this argument sounds in negligent supervision. Under New York law, schools must "adequately supervise the students in their charge and . . . will be held liable for foreseeable injuries proximately related to the absence of adequate supervision." *Mirand v. City of New York*, 637 N.E.2d 263, 266 (N.Y. 1994). "[I]n the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated." *Id.* "Actual or constructive notice to the school of prior similar conduct is generally required." *Id.* The record adduced in discovery does not clear this bar: no P.S. 123 authority, including the school counselor, was ever identified or deposed during the discovery period, nor does Plaintiff provide sufficient, non-conclusory testimony regarding the knowledge of P.S. 123 staff as an alternative. *See* Pl. Dep. at 15:8-15 (admitting

7

lack of knowledge regarding the principal and P.S. 123 generally); 12:6-7, 24:20 (testifying that Plaintiff never saw the other students "[b]efore or after" the assault); 17:16-18 (testifying that the incident was isolated).

As to the school counselor, he allegedly committed intentional torts, including assault and battery, against Plaintiff. An employer may be liable for its employee's torts "so long as the tortious conduct is generally foreseeable and a natural incident of the employment, . . . [and] those acts were committed in furtherance of the employer's business and within the scope of employment." *Rivera v. State*, 142 N.E.3d 641, 645 (N.Y. 2019). In *Rivera*, the New York Court of Appeals held that an employer, the New York State Department of Correctional Services, could not be liable for "a malicious attack completely divorced from the employer's interests" committed by a prison guard. *Id.* at 646. This reasoning resolves this case: as alleged by Plaintiff, the school counselor similarly maliciously attacked him and encouraged students to do the same. But there is nothing in the record to indicate that the attack by the counselor was or should have been foreseeable. And it certainly did not further P.S. 123's mission, nor was it within the scope of a school counselor's employment.

The assaults described by Mr. Caldwell are horrific. And the Court is sensitive to the fact that survivors of sexual assault often need substantial time before they are able to seek redress. But as a legal matter, the factual record here is insufficient for a reasonable jury to find against the particular Defendants in this case, the City of New York or P.S. 123, on any theory contained in Plaintiff's submissions, construed liberally. Summary judgment is therefore granted to these entities on any state law claims.[3]

---

[3] In opposition to Defendants' motion, Plaintiff submits putative affidavits from "James Douglas," who "worked the after school program" and claims to be Plaintiff's assailant; and "Derrick B.," a purported witness to Plaintiff's first assault. *See* Pl.'s Notice of Refiling, ECF

## CONCLUSION

For the reasons given above, Defendant's motion is **GRANTED**.[4]

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 80 and to terminate the case.

SO ORDERED.

Dated: February 26, 2024
New York, New York

_____
DALE E. HO
United States District Judge

---

No. 100. Defendants state that the identities of these witnesses and their statements were not disclosed during discovery, or even prior to the filing of Plaintiff's opposition. *See* Defs.' Reply Br. 2, ECF No. 102; *see also* Defs.' Mem. Supp. Summ. J. 3, ECF No. 84 ("Plaintiff does not know the identity of the afterschool counselor."). Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff provides no explanation justifying his failure to disclose these witnesses or any explanation as to how he was able to learn their identities for purposes of preparing his opposition, notwithstanding Defendants' inability to do so. That these witnesses were not disclosed until almost one year after the close of fact discovery, and only in opposition to Defendants' motion for summary judgment, supports a finding of prejudice to Defendants. Although *pro se* litigants are afforded special solicitude with respect to procedural matters, on the record before the Court, Rule 37(c)(1)'s mandate applies and Plaintiff may not use these witnesses to oppose Defendants' motion for summary judgment.

[4] Plaintiff putatively moves for mandatory arbitration in his opposition, citing a promise made by prior counsel for Defendants. *See* Opp'n 2. On this record, it is impossible to conclude that such an agreement existed or would be enforceable. Plaintiff's cross-motion for arbitration is therefore denied.